

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

OCT 0 4 2006

OCT 04 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Jeremiah A. Sheehy
    Plaintiff

Case No.

vs.

MRS Associates, Inc.
Three Executive Campus
Suite 400
Cherry Hill, N.J. 08002
    Defendant

06CV5385
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

---

## COMPLAINT TO ENFORCE CIVIL LIABILITY PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT; SEEKING STATUTORY & ACTUAL DAMAGES ATTORNEY FEES; TRIAL BY JURY

---

### COUNT ONE
### [FDCPA]

#### JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

#### PARTIES

2. Plaintiff, Jeremiah A. Sheehy, is and was at all times mentioned herein a "consumer" as defined in the Fair Debt Collection Practices Act [hereinafter the "Act", 15 U.S.C. §1692a(3), who was allegedly obligated to pay a debt which, if owed, was incurred for personal, family or household purposes who currently resides in Cook County, Illinois.

3. Defendant, MRS Associates, Inc. is, upon information and belief, a New Jersey Corporation with an office for the regular transaction of business in Cherry Hill and which regularly does business in this district through the use of the United States mail, telephonic and electronic communication and other means of interstate commerce.

4. Defendant is also a debt collector within the meaning of 15 U.S.C. 1692a(6) who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## ALLEGATIONS

5. On or about August 31, 2006 between 8:40am and 9:00am CST defendant, through someone referring to himself as "Mr. Edwards" or "Mike Edwards", telephoned plaintiff both at his residence and cellular telephones seeking to collect a debt purportedly owed by plaintiff.

6. The first call came at 8:40am on his residence line where defendant demanded that plaintiff "get out his checkbook" and "pay-up what he owed" and where defendant was generally verbally abusive which caused the plaintiff to hang-up.

7. Defendant telephoned again at 8:42am on his residence line making the same demand. Again the call resulted in the parties hanging-up.

8. At 9:00am defendant called again. This time leaving a telephone message on plaintiff's cellular telephone.

9. Sometime between 9:00am and 9:08am CST defendant, through Mr. Edwards, telephoned plaintiff's neighbor and asked the neighbor "if Jeremiah Sheehy (plaintiff) was at home". When told that plaintiff did not live there but has her neighbor, she was then told to "have him (plaintiff) telephone him". Plaintiff's neighbor came to his residence to deliver the message.

10. When plaintiff returned the call to defendant questioning why it had called his neighbor he was again screamed at and subjected to further verbal abuse for being unwilling to discuss or to pay the debt

11. Defendant did not need contact information concerning the plaintiff in view of the fact that they had, minutes before, telephoned him three times at two different numbers belonging to the plaintiff.

12. Defendant, obviously, knew plaintiff's address and where he lived having telephoned his neighbor.

2

13. Plaintiff did not give defendant permission to contact his neighbor or anyone else in connection with the collection of the debt.

14. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a. Defendant violated 15 U.S.C. §1692c(b) by telephoning a third person in connection with the collection of a debt without the permission of the plaintiff and not for the purposes of obtaining contact information concerning the consumer;

    b. Defendant violated 15 U.S.C. §1692b(1) by telephoning a third person and not stating that it was confirming or correcting location information concerning the consumer but, instead, asking if the consumer was at home;

    c. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt; and,

    d. Defendant violated 15 U.S.C. § 1692e(10) through the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

15. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, mental anguish, emotional stress and suffering for which he should be compensated in an amount to be established at trial and by jury.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury.

Respectfully submitted by:

/s/ Steven C. Shane
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net